IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCIA R. DINGESS,**

       **Plaintiff,**

    **vs.**

**INFINITI OF COLUMBUS, LLC,**
*et al.*,

       **Defendants.**

Civil Action 2:13-cv-1090
Judge Watson
Magistrate Judge King

<u>**OPINION AND ORDER**</u>

**I.  Background**

This is an employment action in which plaintiff Marcia R. Dingess alleges that she was subject to harassment, that she was discriminated against, and that she was constructively discharged all on account of her age and sex.  Plaintiff asserts federal claims under the ADEA, 29 U.S.C. § 621 *et seq.*, and Title VII, 42 U.S.C. § 2000e-5, and supplemental state law claims of age and sex discrimination under O.R.C. § 4112.02.

Plaintiff filed this action on November 1, 2013.  *Complaint*, Doc. No. 1.  The Court entered a *Preliminary Pretrial Order*, Doc. No. 6, on January 29, 2014, requiring the parties to, *inter alia*, file motions or stipulations for leave to amend the pleadings by March 20, 2014, and complete discovery by November 20, 2014.

This matter is now before the Court on *Plaintiff's Motion for Leave to File First Amended Complaint* ("*Plaintiff's Motion to Amend*"),

1

Doc. No. 11.  Plaintiff seeks leave to file an amended complaint to "add the additional claim of retaliation under Ohio Revised Code 4112.02(I)."  *Plaintiff's Motion to Amend*, p. 2.

Defendants oppose *Plaintiff's Motion to Amend,* arguing that plaintiff has failed to establish good cause for modifying the Court's scheduling order, that there has been undue delay in seeking leave to amend, and that defendants will be prejudiced by the proposed amendment.  *Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint*, Doc. No. 12.  Plaintiff has filed a reply.  *Plaintiff's Reply*, Doc. No. 13.  This matter is now ripe for consideration.

**II.   Standard**

Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, to enter a scheduling order that, *inter alia*, limits the time to amend the pleadings.  Fed. R. Civ. P. 16(b)(3)(A).  The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause.").  "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'"  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  "A district court should also consider possible prejudice to the party opposing the modification."  *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th

Cir. 2005) (citing *Inge*, 281 F.3d at 625).  The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).  Whether to grant leave under Rule 16(b) falls within the district court's discretion.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**III. Discussion**

The Court's January 29, 2014 scheduling order required, *inter alia*, that motions for leave to amend the pleadings have been filed, if at all, by March 20, 2014.  *Preliminary Pretrial Order*, pp. 1-2.  *Plaintiff's Motion to Amend* was filed on June 27, 2014, *i.e.*, more than three months beyond that deadline.  Plaintiff argues, for the first time in her reply brief, that she has established good cause to modify the scheduling order because she "has been extremely diligent in this case," she diligently pursued discovery, and she moved to amend shortly after receiving documents in discovery that support her proposed new claim of retaliation.[1]  *Plaintiff's Reply*, p. 6.

---

[1] *Plaintiff's Motion to Amend* also argues that leave to amend should be freely given under Fed. R. Civ. P. 15(a).  Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, Rules 15(a) and 16(b) must be read together. *Marcilis v. Twp. of Redford,* 693 F.3d 589, 597 (6th Cir. 2012); *Leary,* 349 F.3d at 906-08.
> Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b).

*Graley v. Dolgen Midwest LLC*, 2:13-CV-83, 2014 WL 971970, at *1 (S.D. Ohio Mar. 12, 2014).

Plaintiff specifically argues that she learned through discovery that she had been written up while employed by defendants and that the "information and documentation provided in discovery only further support that Plaintiff was unlawfully retaliated against for engaging in protected activity in violation of R.C. § 4112.02(I)." *Plaintiff's Motion to Amend*, p. 3.

As noted *supra*, "'[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge*, 281 F.3d at 625 (quoting *Bradford*, 249 F.3d at 809).  Plaintiff has not demonstrated that she has been entirely diligent in attempting to meet the Court's March 20, 2014, deadline to amend the *Complaint*.  Plaintiff argues that documents received in discovery provide the basis for her new claim, *see Plaintiff's Reply*, p. 6, but plaintiff also acknowledges in her motion that she has been aware ,since the filing of this action, of at least some of the facts underlying the proposed new claim:

> The factual allegations to support [a claim of retaliation under R.C. § 4112.02(I)] were included in the initial Complaint with the exception of any mention of the purported write-ups Plaintiff received for the first time during discovery.  The additional claim of retaliation for opposing discrimination and harassment clearly arises out of the same conduct, transaction, or occurrence set forth in the Complaint.

*Plaintiff's Motion to Amend*, p. 4.  Moreover, review of plaintiff's proposed amended complaint reveals that the proposed new claim is not premised solely on documents received in discovery.  *See Proposed Amended Complaint*, Doc. No. 11-1, ¶ 120 ("Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully

4

retaliated against her by taking the following non-exhaustive list of actions: creating a hostile work environment, reassigning her from her Sales Manager position to a manager's position over an illusory auto dealership, reassigning Plaintiff from the subsequent manager's position to a used car inventory buyer position, purportedly writing her up, constructively discharging her from her employment and/or by otherwise discriminating against her in the terms, privileges and conditions of employment."). The bases for five of the six proposed alleged acts of retaliation are alleged in the *Complaint*. *See Complaint*, ¶ 52, 67-68, 75, 93, 94.

However, because it appears that at least some of the facts underlying the proposed new claim were learned by plaintiff during the course of discovery, the Court will continue its analysis and consider possible prejudice to the party opposing a modification of a scheduling order. *See Andretti*, 426 F.3d at 830 (citing *Inge*, 281 F.3d at 625).

Defendants' arguments to the contrary notwithstanding, the Court concludes that permitting the requested amendment would only minimally prejudice defendants. Notably, dispositive motions have not yet been filed, discovery is ongoing, and plaintiff represents, without challenge by defendants, that defendants have not yet served written discovery requests. *Cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (allowing amendment after the close of discovery creates significant prejudice). Defendants have already deposed plaintiff and may therefore be prejudiced by the possibility

5

of having to re-depose her.  However, the Court finds that potential prejudice to be minimal because defendants were provided notice of plaintiff's intent to amend the *Complaint* prior to the deposition, *see Plaintiff's Reply*, Exhibit 6, and, at least to some extent, deposed plaintiff regarding the documents that plaintiff characterizes as the basis of the proposed retaliation claim.

In light of all the foregoing, *Plaintiff's Motion to Amend*, Doc. No. 11, is therefore **GRANTED**.

The Clerk is **DIRECTED** to file the *First Amended Complaint*, which is attached to the motion.

August 18, 2014                             *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge